RECEIPT # _____
AMOUNT $ 150.00
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 11/21/03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAYN K. BARTLETT and ELIZABETH BARTLETT, Individually and as Mother and Next Friend of ANGELA L. BARTLETT, BRYAN K. BARTLETT, JR. AND, CHRISTOPHER C. BARTLETT<br>**Plaintiffs**<br><br>v.<br><br>DANIEL O'CONNELL'S SONS, INC.,<br>**Defendant** | CIVIL ACTION NO:<br><br>**03-12349 PBS**<br><br>MAGISTRATE JUDGE Bowler |

## COMPLAINT AND JURY DEMAND

### PARTIES

1. The plaintiff, Bryan K. Bartlett, is an individual who resides at 13 James Street, Salem, Rockingham County, New Hampshire.

2. The plaintiff, Elizabeth Bartlett, is an individual who resides at 13 James Street, Salem, Rockingham County, New Hampshire. Bryan K. Bartlett and Elizabeth Bartlett are husband and wife.

3. The plaintiff, Angela L. Bartlett, is a minor, age 10, who resides with her parents at 13 James Street, Salem, Rockingham County, New Hampshire.

4. The plaintiff, Bryan K. Bartlett, Jr., is a minor, age 9, who resides with her parents at 13 James Street, Salem, Rockingham County, New Hampshire.

5. The plaintiff, Christopher C. Bartlett, is a minor, age 7, who resides with her parents at 13

building and to build all temporary structures, such as scaffolding, associated with such work. Mansour Construction, Inc., and its employees, such as the plaintiff, worked under the direction and control of the defendant, Daniel O'Connell Sons, Inc.

## COUNT I - NEGLIGENCE

13. The plaintiffs repeat the allegations stated in Paragraphs 1 through 12 as set forth completely here.

14. As the general contractor on the construction project, Daniel O'Connell Sons, Inc., at all times relevant hereto, retained the right to direct the work to be performed by the plaintiff's employer an retained the right to control the performance of the concrete work and erection of scaffolding by the plaintiff's employer.

15. As the general contractor on the construction project, Daniel O'Connell Sons, Inc., at all time relevant hereto, in fact directed the work to be performed by Mansour Construction, Inc. and controlled the performance of the concrete work and erection of scaffolding by the plaintiff's employer.

16. As the general contractor on the construction project, Daniel O'Connell Sons, Inc., at all time relevant hereto, owned the plaintiff, as an employee of a company performing work for Daniel O'Connell Sons Inc., a duty of reasonable care to take precautions to protect persons such as the plaintiff from foreseeable hazards and dangers arising out of the condition of the defendant's construction site.

17. As the general contractor of the construction project, Daniel O'Connell Sons, Inc., at all time relevant hereto, controlled the direction and scope of the work to be performed by the

plaintiff's employer and, as such, had a right and duty to initiate and maintain reasonable safety measures and procedures at the construction site.

18. On or about December 27, 2000, Daniel O'Connell Sons, Inc. breached its duty of reasonable care to take precautions to protect persons such as the plaintiff from foreseeable hazards and dangers arising out of conditions on the defendant's construction site and breached its duty to initiate and maintain reasonable saftey measures and procedures at the construction site.

19. The aforesaid breaches by the defendant if its legal duties included, but were not limited to, the following:

   i. Defendant negligently failed to secure all planking on scaffolding at the constructions sight such that a stable, sturdy walking surface would be provided for workers such as the plaintiff;

   ii. Defendant negligently failed to inspect the construction site for hazardous conditions, such that the defendant then would be able to identify actual or potential hazards and take reasonable precautions to avoid serious injury to workers, such as the plaintiff;

   iii. Defendant negligently failed to stop work and/or remove workers, such as the plaintiff, from the construction site until such time as necessary precautions could be taken to ensure their safety;

   iv. Defendant negligently failed to warn the plaintiff of the dangers involved in the work that the defendant had ordered the plaintiff's employer to perform when the defendant actually knew or should have known of such dangers; and

   v. Defendant negligently failed to eliminate hazards and defects in the condition of the scaffolding before requiring the plaintiff and his employer to work in contact with such hazards and defects.

20. On or about December 27, 2000, Bryan K. Bartlett, while in the exercise of due care for his own safety, lost his footing on loose planking on a scaffold, fell backwards and grabbed the

4

lower plank with his left arm and grabbed onto a metal bar with his right and thus dislocated his right shoulder with great force and violence.

21. Bryan K. Bartlett was proximately caused to lose his footing by the defendant's negligence as described in Paragraph 11 above.

22. As a direct result of the defendant's negligence, Mr. Bartlett was disabled from performing his work as a carpenter until June 2002. He incurred medical expenses and lost time from work and sustained a substantial wage loss. He underwent physical and vocational rehabilitation in an effort to return to gainful employment. He sustained a loss of earning capacity. He has experienced and will continue to experience pain and suffering and mental anguish. He has experienced and will continue to experience a significant loss of enjoyment of life, all to his great detriment, harm and loss and all proximately caused by the defendant's negligence as described above.

WHEREFORE, the plaintiffs demand judgment against the defendant, together with interest and cost of this action

## COUNT II - LOSS OF SPOUSAL CONSORTIUM

23. The plaintiffs repeat the allegations stated in Paragraphs 1 through 22 as if set forth completely here.

24. The plaintiff, Elizabeth Bartlett, is the wife of the plaintiff, Bryan K. Bartlett, and is a person entitled by law to the care, comfort, services, and consortium of her husband, Bryan K. Bartlett.

25. As a result of the negligence of the defendant, Daniel O'Connell Sons, Inc., the plaintiff, Elizabeth Bartlett, sustained the loss of care, comfort, services, and consortium of her husband,

Bryan K. Bartlett.

WHEREFORE, the plaintiffs demand judgment against the defendant, together with interest and cost of this action.

### COUNT III - LOSS OF PARENTAL CONSORTIUM

26. The plaintiffs repeat the allegations stated in Paragraphs 1 through 25 as if set forth completely here.

27. The plaintiffs, Angela Bartlett, Bryan K. Bartlett, Jr. and Christopher Bartlett, are the minor children of the plaintiff, Bryan K. Bartlett, and are entitled by law to the care, comfort, services, and consortium of their father, Bryan K. Bartlett.

28. As a result of the negligence of the defendant, Daniel O'Connell Sons, Inc., the plaintiffs, Angela Bartlett, Bryan K. Bartlett, Jr. and Christopher Bartlett, sustained the loss of care, comfort, services, and consortium of their father, Bryan K. Bartlett.

WHEREFORE, the plaintiffs demand judgment against the defendant, together with interest and cost of this action.

### THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,
The Plaintiffs, Bryan K. Bartlett, et al,

By their Attorney,

*Nicholas S. Guerrera*
Nicholas S. Guerrera, BBO# 551475
Shaheen Guerrera & O'Leary, LLC
Jefferson Office Park

6