UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * *  *
                              *
BRYAN K. BARTLETT, ET AL      *
    Plaintiffs,               *
                              *
vs.                           *    CIVIL ACTION
                              *    No. 03-12349PBS
DANIEL O'CONNELL'S SONS, INC.,*
    Defendant.                *
                              *
                              *
* * * * * * * * * * * * * *  *
```

### ANSWER AND JURY CLAIM OF THE DEFENDANT
### TO THE PLAINTIFFS' COMPLAINT

The defendant, Daniel O'Connell's Sons, Inc., in the above-captioned matter, hereby makes this its answer to the plaintiffs' complaint.

### FIRST DEFENSE

**PARTIES**

1. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the plaintiffs to prove the same.

2. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and calls upon the plaintiffs to prove the same.

3. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and calls upon the plaintiffs to prove the same.

4. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and calls upon the plaintiffs to prove the same.

5. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and calls upon the plaintiffs to prove the same.

6. The defendant admits that Daniel O'Connell's Sons, Inc. is a Massachusetts corporation having a principal place of business at 480 Hampden Street, Holyoke, Hampden County, Massachusetts.

**JURISDICTION AND VENUE**

7. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and calls upon the plaintiffs to prove the same.

8. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and calls upon the plaintiffs to prove the same.

**FACTUAL ALLEGATIONS**

9. The defendant incorporates herein by reference its answers to paragraphs 1 through 6 and makes them its answer to paragraph 9.

10. The defendant admits that it was the construction manager on a construction project at Harvard University in December, 2000.

11. The defendant admits that Mansour Construction, Inc. was a subcontractor on a construction project at Harvard University in December, 2000. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 11 and calls upon the plaintiffs to prove the same.

12. The defendant admits that Mansour Construction, Inc.

was a subcontractor on a construction project at Harvard University in December, 2000. The scope of the work performed by Mansour Construction, Inc. and the responsibilities of the parties were established by the terms of the subcontract. The defendant denies the remainder of the allegations contained in paragraph 12.

WHEREFORE, the defendant demands that the plaintiffs' complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

**COUNT I**

13. The defendant incorporates herein by reference its answers to paragraphs 1 through 12 and makes them its answer to paragraph 13 of Count I.

14. The defendant denies the allegations contained in paragraph 14 of Count I.

15. The defendant denies the allegations contained in paragraph 15 of Count I.

16. The defendant denies the allegations contained in paragraph 16 of Count I.

17. The defendant denies the allegations contained in paragraph 17 of Count I.

18. The defendant denies the allegations contained in paragraph 18 of Count I.

19. The defendant denies the allegations contained in paragraph 19, including subparts i through v, of Count I.

20. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Count I and calls upon the plaintiffs to prove the same.

21. The defendant denies the allegations contained in paragraph 21 of Count I.

22. The defendant denies the allegations contained in paragraph 22 of Count I.

WHEREFORE, the defendant demands that the plaintiffs' complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

**COUNT II**

23. The defendant incorporates herein by reference its answers to paragraphs 1 through 22 and makes them its answer to paragraph 23 of Count II.

24. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Count II and calls upon the plaintiffs to prove the same.

25. The defendant denies the allegations contained in paragraph 25 of Count II.

WHEREFORE, the defendant demands that the plaintiffs' complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

**COUNT III**

26. The defendant incorporates herein by reference its answers to paragraphs 1 through 25 and makes them its answer to paragraph 26 of Count III.

27. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Count III and calls upon the plaintiffs to prove the same.

28. The defendant denies the allegations contained in paragraph 28 of Count III.

WHEREFORE, the defendant demands that the plaintiffs' complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

SECOND DEFENSE

And further answering, the defendant says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant was legally responsible.

### THIRD DEFENSE

And further answering, the defendant says that if the plaintiffs prove that the defendant was negligent as alleged, the plaintiffs were negligent to a greater degree than the defendant and are barred from recovery under the theory of Comparative Negligence.

### FOURTH DEFENSE

And further answering, the defendant says that the cause of action is barred by reason of the Statute of Limitations.

### FIFTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

### SIXTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### SEVENTH DEFENSE

And further answering, the defendant states that it had no duty to the plaintiffs, wherefore the plaintiffs are barred from recovery.

### EIGHTH DEFENSE

And further answering, the defendant says that to the extent that it had any obligations to the plaintiffs, such obligations have been fully, completely and properly performed in every respect.

### NINTH DEFENSE

And further answering, the defendant says that it provided the plaintiff, Bryan K. Bartlett, with adequate warnings, and therefore the plaintiffs are barred from recovery.

### TENTH DEFENSE

This defendant states that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the plaintiffs, or malice (actual, legal or otherwise) on the part of this defendant as to the plaintiffs herein.

### ELEVENTH DEFENSE

And further answering, the defendant says that if the plaintiffs prove that there was any defect in the subject premises, said defect was open and obvious and the plaintiffs are therefore barred from recovery.

### TWELFTH DEFENSE

And further answering, the defendant says that if the plaintiffs prove that there was any defect in the subject premises, said defect was de minimis and the plaintiffs are therefore barred from recovery.

### THIRTEENTH DEFENSE

And further answering, the defendant says that the property where the plaintiff was injured was not in the control of the defendant at the time of the accident.

### JURY CLAIM

THE DEFENDANT, DANIEL O'CONNELL'S SONS, INC., HEREBY MAKES CLAIM FOR A TRIAL BY JURY.

By its attorneys,

_____
Richard J. Shea, BBO #456310
Michael R. Byrne, BBO #558899
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

CERTIFICATE OF SERVICE

I, Michael R. Byrne, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

> Nicholas S. Guerrera
> SHAHEEN GUERRERA & O'LEARY
> Jefferson Office Park
> 820A Turnpike Street
> North Andover, MA 01845

Michael R. Byrne

Date: Feb. 4, 2004