UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * *
                              *
BRYAN K. BARTLETT, ET AL      *
    Plaintiffs,               *
                              *
vs.                           *    CIVIL ACTION
                              *    No. 03-12349PBS
DANIEL O'CONNELL'S SONS, INC.,*
    Defendant.                *
                              *
                              *
* * * * * * * * * * * * * * *
```

**ASSENTED-TO MOTION TO EXTEND TIME TO ANSWER COMPLAINT, AND TO STRIKE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

The defendant, Daniel O'Connell's Sons, Inc., moves the Court to grant it additional time to respond to the plaintiff's complaint, and also moves to strike the plaintiff's motion for entry of default and default judgment. As grounds for its motion, the defendant states:

1. On or about December 1, 2003, a copy of the plaintiffs' complaint was delivered to an employee of Daniel O'Connell's Sons, Inc. (*See* **Exhibit A**, Affidavit of Christine Jones, ¶ 2).

2. Daniel O'Connell's Sons forwarded the summons and complaint to The Watson Group (now known as Banknorth Insurance Agency),

its insurance agent. (*Id.*, ¶ 3).

3. The insurance agent forwarded the summons and complaint to Daniel O'Connell's Sons' insurer, Pacific Employers Insurance Company (part of the ACE USA group of insurers). (*Id.*, ¶ 4).

4. Typically, an insurance agent would be expected to forward a copy of the complaint to ESIS, the claims administrator for the ACE USA insurers. However, Daniel O'Connell's Sons' agent forwarded the summons and complaint directly to ACE USA, and not to ESIS. (*Id.*, ¶ 4).

5. Apparently, the person who received the complaint at ACE USA assumed that the complaint had already been forwarded to ESIS, and that ESIS would appoint counsel to respond. Meanwhile, both Daniel O'Connell's Sons and its insurance agent assumed that the claim was being handled by ACE USA and/or ESIS. (*Id.*, ¶ 5).

6. On or about January 26, 2004, Daniel O'Connell's Sons received a copy of the plaintiffs' motion for entry of default. It immediately forwarded that motion to its insurance agent, who contacted ESIS. ESIS promptly appointed counsel to respond to the complaint. (*Id.*, ¶ 6).

7. The failure to respond to the complaint within the time specified by Fed. R. Civ. P. 12(a)(1)(A) was the result of a

misunderstanding involving the defendant's insurance agent, insurer, and claims administrator. It occurred through no fault of the defendant itself, and was not the result of bad faith.

8. The defendant has meritorious defenses to the plaintiff's claim, including its lack of legal and/or contractual responsibility for the hazardous condition which allegedly resulted in the plaintiff's injury. Moreover, under the terms of the subcontract at issue, Daniel O'Connell's Sons is entitled to be fully indemnified by the plaintiff's employer.

9. The delay - approximately one month in duration - caused no prejudice to the plaintiffs.

10. The plaintiffs have assented to the late filing of the defendant's answer, and to the striking of their motion for entry of default.

For the foregoing reasons, the defendant, Daniel O'Connell's Sons, Inc., respectfully requests that its motion be ALLOWED, that it be permitted to file its answer to the plaintiffs' complaint, and that the plaintiffs' motion for entry of default be stricken. A copy of the defendant's answer to the complaint is being filed herewith.

CERTIFICATE OF SERVICE

I, Michael R. Byrne, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

>Nicholas S. Guerrera
>SHAHEEN GUERRERA & O'LEARY
>Jefferson Office Park
>820A Turnpike Street
>North Andover, MA 01845

_____
Michael R. Byrne

Date: _Feb. 4, 2004_

DANIEL O'CONNELL'S SONS, INC.,
By its attorneys,

*/s/ Richard J. Shea*
---
Richard J. Shea, BBO #456310
Michael R. Byrne, BBO #558899
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

ASSENTED TO:

*/s/ Nicholas S. Guerrera/MRB*
---
Nicholas S. Guerrera, BBO #551475
SHAHEEN, GUERRERA & O'LEARY, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978) 689-0800

Dated: Feb. 4, 2004

4

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * *
                                    *
BRYAN K. BARTLETT, ET AL            *
    Plaintiffs,                     *
                                    *
vs.                                 *       CIVIL ACTION
                                    *       No. 03-12349PBS
DANIEL O'CONNELL'S SONS, INC.,      *
    Defendant.                      *
                                    *
* * * * * * * * * * * * * *

**AFFIDAVIT OF CHRISTINE JONES**

I, Christine Jones, under oath, depose and state the following on personal knowledge:

I.   I am employed by ESIS, Inc., which administers claims for the ACE USA group of insurers, including Pacific Employers Insurance Company, the liability insurer of the defendant, Daniel O'Connell's Sons, Inc.

II.  On or about December 1, 2003, a copy of the plaintiffs' complaint was delivered to an employee of Daniel O'Connell's Sons, Inc.

III. Daniel O'Connell's Sons forwarded the summons and complaint to The Watson Group (now known as Banknorth Insurance Agency), its insurance agent.

IV.  Typically, an insurance agent would be expected to forward a copy of the complaint to ESIS, as claims

administrator for ACE USA. However, Daniel O'Connell's Sons' agent forwarded the summons and complaint directly to ACE USA, and not to ESIS.

V. Apparently, the person who received the complaint at ACE USA assumed that the complaint had already been forwarded to ESIS, and that ESIS would appoint counsel to respond. Meanwhile, both Daniel O'Connell's Sons and its insurance agent assumed that the claim was being handled by ACE USA and/or ESIS.

VI. On or about January 28, 2004, Daniel O'Connell's Sons received a copy of the plaintiffs' motion for entry of default. It immediately forwarded that motion to its insurance agent, who contacted ESIS. ESIS promptly appointed counsel to respond to the complaint.

Signed under the pains and penalties of perjury this 3 day of February, 2004.

_____
Christine Jones